*United States District Court*

__MIDDLE__ DISTRICT OF __ALABAMA__

UNITED STATES OF AMERICA

v.

TORRENCE KENDALL SURLES

CRIMINAL COMPLAINT

CASE NUMBER: 2:07mj 63-TFM

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __May 24 and May 30, 2007__, in __Lowndes__ county within the __Middle__ District of __Alabama__ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess with intent to distribute, and did distribute,
a Schedule II Controlled Substance, to wit; cocaine base (crack cocaine),

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__ I further state that I am a(n)

__Drug Enforcement Administration Special Agent__ and that this complaint is based on the following facts:
  Official Title

SEE THE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

July 9, 2007                                              at    Montgomery, Alabama
Date                                                            City and State

Terry F. Moorer, U.S. Magistrate Judge                          _____
Name and Title of Judicial Officer                              Signature of Judicial Officer

## AFFIDAVIT

I, John Bret Hamilton, a Special Agent of the Drug Enforcement Administration, United States Department of Justice, being duly sworn, deposes and states the following:

## APPLYING OFFICER

I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code. I am empowered by law to conduct investigations of and to make arrests for the offenses enumerated in Section 2515, Title 18, United States Code.

For approximately twelve (12) years I have been so employed as a Special Agent of the DEA. Since that time, I have participated in investigations involving organized crime and narcotics activities and continue to receive specialized training pertaining to narcotics investigations.

## PROBABLE CAUSE FOR ARREST

1. On 05-24-2007, Under Cover (UC) Police Officer John Green was introduced to TORRENCE KENDALL SURLES (SURLES) by a friend of SURLES. During this meeting, which took place at SURLES' residence located at 114 Main Street, Hayneville, AL.

2. UC Officer Green purchased $40.00 worth of cocaine base (crack-cocaine). SURLES also gave UC Officer Green a business card with the name T. SURLES and two phone numbers on it: (334) 563-9190 and (334) 320-9707.

3. On 05-30-2007, UC Officer Green called SURLES' cell phone,334) 320-9707. SURLES answered and told Officer Green that he would be home at approximately 5:00 pm.

4. UC Officer Green was given five-hundred ($500.00) dollars of official authorized funds to be used to purchase cocaine base from SURLES. Officer Green was also equipped with an audio transmitter and a video recorder and then drove to SURLES' residence located at 114 Main Street, Hayneville, AL.

5. At approximately 5:25 pm, SA Hamilton and Agent Chris West observed Officer Green park in front of SURLES' residence. Officer Green spoke with SURLES who was sitting

on the front porch of the residence. After small talk, SURLES asked Officer Green how many area codes New York City had. This question seemed to be a test for Officer Green since he had told SURLES that he (Officer Green) was from New York City. After Officer Green named several area codes, SURLES and Officer Green discussed what Officer Green wanted to purchase. SURLES and Officer Green agreed to $500.00 for "two eight-balls" of cocaine-base (crack-cocaine). SURLES told Officer Green that he was giving Officer Green a deal because the two packages were going to weigh four grams each. SURLES then instructed Officer Green to wait in his vehicle.

6. After waiting for only two to three minutes, SURLES exited the residence and entered Officer Green's vehicle. SURLES gave Officer Green two small pieces of plastic wrap tied in a knot, each containing suspected cocaine-base (crack-cocaine). Officer Green then paid SURLES five-hundred dollars. After a couple of minutes of conversation, SURLES exited the vehicle and at approximately 5:44 pm, Officer Green departed the residence followed by SA Hamilton and Agent West.

7. At approximately 6:00 pm, Officer Green relinquished custody of the two small pieces of plastic wrap containing suspected cocaine-base (crack-cocaine) to SA Hamilton. SA Hamilton later forwarded these items to the DEA Laboratory for analysis. Analysis showed the items to be 7.9 grams of cocaine-base (crack-cocaine).

Based on the foregoing, Affiant states that there is probable cause to believe TORENCE KENDALL SURLES possessed with intent to distribute and did distribute a controlled substance; to wit: cocaine-base (crack), in violation of Title 21, Section 841(a)(1), United States Code.

_____
BRET HAMILTON
Special Agent, DEA


Sworn and subscribed before me this 9th day of July.

_____
TERRY F. MOORER
United States Magistrate Judge