IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07-MJ-0063-TFM |
| | ) | |
| TORRENCE KENDALL SURLES | ) | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on July 10, 2007, pursuant to the Government's Motion for Detention (Doc.#3). Based upon consideration of the evidence presented, the Court concludes that the defendant should be detained pending trial in this case.

**Part I -- Findings of Fact**

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841. The Defendant is charged with knowingly and intentionally possessing with intent to distribute and distribution of cocaine base. The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. The Court finds the defendant does not pose a risk of flight.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant sold cocaine base to an undercover police officer on May 24, 2007 and May 30, 2007. Defendant Surles sold approximately 7.9 grams of cocaine

base during the May 30, 2007 undercover buy. The defendant had at least one felony, narcotics conviction prior to both controlled purchases. In fact, the defendant completed his term of Supervised Release in this Court approximately two years before the two controlled buys. On July 6, 2007, Agents Sybil McNeil and Brett Hamilton showed the defendant a videotape of the two controlled buys. Defendant Surles became upset and angry after seeing the videotape but calmed down. Defendant Surles decided he would cooperate with the officers in furthering their investigation into others involved in the sale of narcotics. Later that evening, Defendant Surles called Agent McNeil and made a veiled threat against Agent McNeil and her children. Immediately upon hearing the threat, Agent McNeil drew her weapon and went to the doors and windows of her residence to ensure the defendant was not outside. Agent McNeil did not see the defendant but she knew the defendant had no way to know she had more than one child unless he had engaged in surveillance. Agent McNeil moved her family out of her home and took them to another location for safekeeping. Agent McNeil told Agent Hamilton about the threat and they devised a ruse to facilitate the arrest of the defendant. After signing a Complaint and obtaining an arrest warrant for defendant Surles, Agent Hamilton successfully executed the ruse. The search incident to arrest revealed Surles had a small quantity of cocaine on his person. The Court finds, despite his testimony to the contrary, the defendant communicated a threat to Agent McNeil. The Court further finds that the defendant continued to possess narcotics even after being confronted the day before about the videotape evidence of his sale of narcotics to an undercover officer. The multiple sales of narcotics and the continued flagrant disregard for the narcotics laws prove to the Court the defendant is a danger to the community which cannot satisfactorily be mitigated short of the defendant's incarceration pending trial.

Based on the foregoing considerations, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

### Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 12th day of July, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

Case 2:07-mj-00063-TFM     Filed 07/12/2007     Page 4 of 4